IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY S. GRAY,

    Plaintiff,

vs.                      No. CIV S-10-0784 GEB GGH PS

CITY OF WEST SACRAMENTO,

    Defendant.          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.
5           A complaint must contain more than a "formulaic recitation of the elements of a
6  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
7  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
8  "The pleading must contain something more...than...a statement of facts that merely creates a
9  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
10 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
11 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
12 v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
13 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
14 the court to draw the reasonable inference that the defendant is liable for the misconduct
15 alleged." Id.
16          Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519,
17 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
18 Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se
19 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
20 dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
21          Plaintiff alleges that the City of West Sacramento is liable for "stopping all the
22 navigation from the Sacramento River to the William G. Stone locks to the ship channel to the
23 port West Sacramento." His claim is that the City of West Sacramento constructed bridges that
24 prevent public access to the channel by means of the barge canal and its bascule bridge and locks,
25 thereby interfering with the public's constitutional right to navigate these waters. (Compl. at 2.)
26 Plaintiff cites 42 U.S.C. § 1983, the Commerce Clause, the "Equal Footing Doctrine," the state

and federal constitutions, the 1946 Bridges Act, and the Rivers and Harbors Act of 1899. Plaintiff seeks $500,000,000 in damages.

The complaint for the most part alleges the same violations by defendant as alleged previously in a complaint brought and decided in this court in 2008.  See Gray v. The City of West Sacramento, Civ.S.08-0433 MCE DAD PS.  This related case concerned plaintiff's allegations of interference with navigation of the Sacramento River Deep Water Ship Channel by the City of West Sacramento through its construction of bridges that prevent public access to the channel by means of the barge canal and its bascule bridge and locks.  In that case, plaintiff alleged that the bridges at issue were constructed in 1997 and 2005 without the necessary permits.  The court construed plaintiff's claims under the Rivers and Harbors Act of 1899, the General Bridge Act of 1946, and interference with navigation under admiralty common law.  The action was dismissed on the merits after a hearing in which the court asked plaintiff to identify a statute or any other provision of law that gives him a private right of action to pursue the claims alleged in his complaint.  Plaintiff could not point to any other such law. (Findings and Recommendations, filed December 15, 2008, at 5.)

Although the instant complaint adds other claims based on the same set of facts, plaintiff's allegations pertain to the underlying action by plaintiff against the same defendant.  As a result, they are barred by collateral estoppel or res judicata, as plaintiff has either attempted to bring new claims regarding West Sacramento's alleged interference with navigation of the Sacramento River Deep Water Ship Channel, raise claims which could have been brought earlier, or raise the same claims which were already decided in the previous action.  Under the doctrine of res judicata, "'[a] final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action.'"  The Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992), quoting Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir. 1985).  The doctrine of res judicata consists of two concepts, issue preclusion, or collateral estoppel, and claim preclusion, or res judicata.  Migra v. Warren City School District

1  Board of Education, 465 U.S. 75, 77 n.1 (1984). "Issue preclusion [collateral estoppel] refers to
2  the effect of a judgment in foreclosing relitigation of a matter that has been litigated and
3  decided." Id. "Claim preclusion [res judicata] refers to the effect of a judgment in foreclosing
4  litigation of a matter that never has been litigated, because of a determination that it should have
5  been advanced in an earlier suit." Id. "Claim preclusion [res judicata] bars the assertion of any
6  theory of recovery that could have been asserted in the first action." Fund for Animals, 962 F.2d
7  at 1398, citing Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988).

8         The instant complaint relates to the same allegations as raised in the previous
9  action. Both actions allege that the City of West Sacramento acted to prevent navigation of the
10 Sacramento River Deep Water Ship Channel. The instant complaint is based on the same events
11 as the previous action.

12        Aside from the claims against the City of West Sacramento for violation of the
13 federal and state constitutions, 42 U.S.C. § 1983, and the equal footing doctrine, the claims
14 currently before the court were already litigated and decided in defendant's favor in the previous
15 action. See Gray v. The City of West Sacramento, Civ.S.08-0433 MCE DAD PS (Order, filed
16 January 9, 2009, dkt. #21). All the claims raised in that action were necessarily determined and
17 were the same issues as those raised here. Plaintiff's remaining legal theories raised here could
18 have and should have been raised in that action. Accordingly, collateral estoppel and/or res
19 judicata bars this action from proceeding against the City of West Sacramento.

20        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
21 with prejudice.

22        These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
24 fourteen (14) days after being served with these findings and recommendations, plaintiff may file
25 written objections with the court and serve a copy on all parties. Such a document should be
26 captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: August 3, 2010                        /s/ Gregory G. Hollows

  GREGORY G. HOLLOWS,
  UNITED STATES MAGISTRATE JUDGE

GGH:076/Harris2568.f&r